Glenn R. Kantor – State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Stacy Monahan Tucker – State Bar No. 218942
  E-mail: stucker@kantorlaw.net
Brent Dorian Brehm – State Bar No. 248983
  E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiffs,
GE REALPROP, LP; GEORGE KALMAN;
and ELEANOR KALMAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GE REALPROP, LP; GEORGE KALMAN; and ELEANOR KALMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>SENECA INSURANCE COMPANY,<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs GE REALPROP, LP; GEORGE KALMAN; and ELEANOR KALMAN (collectively "the Kalmans") herein sets forth the allegations of their Complaint against Defendant, SENECA INSURANCE COMPANY, ("Seneca").

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiffs are informed and believe that Defendant, SENECA INSURANCE COMPANY, is a corporation incorporated in New York with its

1  principle place of business in New York. Defendant is authorized to transact and
2  transacting business in the Central District of California and can be found in the
3  Central District of California.
4      4.   At the time of the purchase of the insurance policy which is the subject
5  of this action the individual Kalmans were residents and citizens of the County of
6  Los Angeles, State of California.
7      5.   At the time of the purchase of the insurance policy which is the
8  subject of this action, GE RealProp, LP was a limited partnership with its
9  headquarters in the County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANT SENECA INSURANCE COMPANY
## FOR BREACH OF CONTRACT

13     6.   Plaintiff incorporates by reference all preceding paragraphs as though
14 fully set forth herein.
15     7.   GE RealProp, LP is a limited liability partnership with George and
16 Eleanor Kalman as the general partners. George Kalman is a 90-year old Holocaust
17 survivor. His wife Eleanor Kalman is 86 years old. GE RealProp, LP owns
18 commercial buildings in Los Angeles. Three of these buildings, including 1247-
19 1259 E. Sixth Street, Los Angeles, California 90021, were insured by an insurance
20 policy obtained by GE RealProp, LP.
21     8.   On or about November 6, 2018, Seneca issued to Plaintiffs that
22 Commercial Protection insurance policy, Seneca Policy No. CMP 3302039
23 (hereinafter the "Policy"). The Policy was in effect from November 6, 2018 through
24 November 6, 2019. GE RealProp, LP, and both Kalmans, were named insureds on
25 the Policy. The Policy provided coverage for damage from fire, and for lost business
26 income during any period of restoration, including lost rental income.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

9.  All premiums due to maintain Plaintiffs' coverage in full force and effect under the Policy have been paid by Plaintiffs. At all relevant times, Plaintiffs have performed all obligations under the Policy on their part to be performed.

10. On or about February 17, 2019, the property at 1247-1259 E. Sixth Street, Los Angeles, California 90021 ("the Property"), was damaged by a fire. The property was extensively damaged. Immediately after the loss occurred, Plaintiffs made a claim to Seneca.

11. Plaintiffs provided all information available to them to substantiate their losses and Seneca made partial payments on their claim. At all times from the date of the fire, through May 2020, Plaintiffs' claim remained open, and they were at no point advised of any denial of their claim.

12. Plaintiffs made their best efforts to remediate the damage to the Property as quickly as possible, but their efforts were thwarted by Seneca's claims handling and the failure to fully pay the monies owed on the claim.

13. Plaintiffs had tenants in four units in the Property. Each of the tenants paid rent, which totaled approximately $20,000 per month. Because of the fire, the tenants had to vacate the property and no longer paid rent. Seneca initially made partial payments on the lost rent, but then stopped without explanation.

14. As of May 2020, Seneca owes Plaintiffs approximately $250,000 in lost rents under the business income coverage in the Policy, in addition to several hundred thousand dollars in costs to rebuild the Property.

15. In handling Plaintiffs' claim, Defendant failed to properly investigate the claim, and/or assist in finalizing the claim, and any delays were primarily the result of Seneca's inadequate claims handling.

16. As a direct and proximate result of Defendant's improper handling regarding Plaintiffs' fire claim, Plaintiffs have been deprived of the right to obtain benefits under the terms of the Policy.

17. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs. As a direct and proximate result of Defendant's breach of the Policy, Plaintiffs have suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT SENECA INSURANCE COMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

19. Defendant breached its respective duty of good faith and fair dealing owed to Plaintiffs in the following respects:

(a) Unreasonably withholding benefits from Plaintiffs in bad faith at a time when Defendant knew Plaintiffs were entitled to said benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the failure to pay Plaintiffs' claim for Policy benefits;

(c) Unreasonably delaying payments to Plaintiffs in bad faith knowing Plaintiffs' claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiffs' claim;

(e) Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits; and,

(f) Unreasonably compelling Plaintiffs to institute litigation to recover amounts due under the Policy to further discourage Plaintiffs from pursuing their full policy benefits.

20. Plaintiffs are informed and believe and thereon allege that Defendant has breached its duties of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which Plaintiffs are presently unaware. Plaintiffs will amend this Complaint at such time as Plaintiffs discover these other acts or omissions.

21. As a proximate result of the wrongful conduct of Defendant, Plaintiffs have suffered and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

22. As a further proximate result of the wrongful conduct of Defendant, Plaintiffs have suffered mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiffs' general damage in a sum to be determined at the time of trial.

23. As a further proximate result of the wrongful conduct of Defendant, Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiffs for those attorneys' fees reasonably necessary and incurred by Plaintiffs to obtain Policy benefits in a sum to be determined at the time of trial.

24. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiffs, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiffs, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiffs of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendant.

25. Defendant's conduct in wrongfully denying Policy benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a loss of income, and assets essential to their health and welfare. Defendant's conduct in wrongfully denying benefits to Plaintiffs was an unfair act and practice which caused Plaintiffs to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to their health and welfare. The Kalmans are senior citizens within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, the individual Plaintiffs are entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs GE RealProp, LC; George Kalman; and Eleanor Kalman, pray for judgment against the Defendant as follows:

1. Damages for failure to provide full benefits under the Policy for past, present and future benefits, in an amount to be determined at the time of trial but in excess of $1,000,000.00, plus interest, including pre-judgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $2,500,000.00;

3. Punitive and exemplary damages in an amount in excess of $15,000,000.00;

4. A trebling of any punitive damages award pursuant to California Civil Code §3345.

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court deems just and proper.

DATED:   May 15, 2020                    KANTOR & KANTOR, LLP

                                         By:   */s/ Glenn R. Kantor*
                                                Glenn R. Kantor
                                                Attorneys for Plaintiffs,
                                                GE REALPROP, LP; GEORGE
                                                KALMAN; and ELEANOR KALMAN

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: May 15, 2020      KANTOR & KANTOR, LLP

By: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiffs,
GE REALPROP, LP; GEORGE
KALMAN; and ELEANOR KALMAN